UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X     **NOT FOR PUBLICATION**
XIU JIAN SUN,

                           Plaintiff,                      **MEMORANDUM
                                                                               AND ORDER**
      -against-                                                               16-CV-5276 (LDH) (LB)

MARK C. DILLON, SHERI S. ROMAN,
SYLVIA O. HINDS-RADIX, COLLEEN DUFFY,

                           Defendants.
------------------------------------------------------------X
LASHANN DeARCY HALL, United States District Judge.

      On September 22, 2016, Plaintiff Xiu Jian Sun, identifying as "the spiritual Adam," filed this *pro se* action against four state appellate court judges also identified by Plaintiff as "Pharisees." Plaintiff paid the statutory filing fee to commence this action. For the reasons set forth below, the action is dismissed.

## BACKGROUND

      Plaintiff does not provide any facts against any of the Defendants named herein. Rather, Plaintiff makes the following statements:

> Jehovah the Lord of the host sent the messenger through angel spoke in servant's heart: 'snake, belly home's walking.'
>
> Jehovah – the Lord god of host gives the words to servant (Plaintiff) in the temple he made, "Trial with god's law. Apply for jury to prevent insult and unfair behavior."

(Compl., ECF Doc. No. 1 at pp. 2-3.) Plaintiff does not state the relief he seeks but requests a Mandarin Chinese court interpreter. (*Id.* at p. 3.) Attached to the complaint are letters and documents informing Plaintiff that his state court case was calendared for oral argument before

1

the Appellate Division of the Supreme Court of the State of New York on September 20, 2016. (*Id.* at pp. 4-12.)

This complaint is substantially similar to Plaintiff's two prior complaints, *see Xiu Jian v. Katzmann,* No. 16-CV-3937 (LDH) (LB) (fee-paid *pro se* complaint dismissed as frivolous and plaintiff warned against filing similar complaints) (closed Aug. 2, 2016); *Xiu Jian Sun v. Cavallo, et al.,* No. 16-CV-1083 (ENV) (CLP) (fee-paid *pro se* complaint dismissed as frivolous) (closed Mar. 19, 2016), *appeal dismissed,* Mandate No. 16-950 (2d Cir. July 28, 2016).

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In addition, a *pro se* complaint is "to be liberally construed," *Ahlers v. Rabinowitz,* 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that they suggest," *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir. 1996).

Nonetheless, a district court may dismiss a *pro se* action *sua sponte*, even if the plaintiff has paid the Court's filing fee, if it determines that the action is frivolous, *see Fitzgerald v. First East Seventh Street Tenants Corp.,* 221 F.3d 263, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez,* 504 U.S. 25, 33 (1992); *see*

*also Scanlon v. Vermont*, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

## DISCUSSION

In light of the rudimentary nature of Plaintiff's pleadings, the Court would ordinarily afford Plaintiff an opportunity to amend the complaint to provide a statement of claim that would comply with Rule 8 of the Federal Rules of Civil Procedure. However, the Court declines to afford plaintiff such an opportunity given that this is Plaintiff's third action and because nothing in the complaint gives any indication that Plaintiff has a valid claim against any of the Defendants named. It is unclear what harm Plaintiff allegedly suffered, what acts of Defendants allegedly caused that harm and what federal rights were allegedly infringed. To the extent Plaintiff complains that any of the Defendants violated some religious tenet, such a claim is not enforceable in federal court. Moreover, to the extent Plaintiff sues these state court judges for actions taken in their judicial capacity, those claims are dismissed as these judges would be entitled to absolute immunity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*) ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages.") (citation omitted); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009).

Therefore, the complaint is dismissed as frivolous, *see Montero v. Travis*, 171 F.3d 757, 761-62 (2d Cir. 1999) (*per curiam*) and because the judicial officers named herein would be entitled to absolute immunity for any actions related to their judicial duties. *Tapp v. Champagne*, 164 F. App'x 106 (2d Cir. 2006) (summary order) (affirming *sua sponte* dismissal of claims against judges protected by absolute immunity).

## CONCLUSION

Accordingly, the complaint is dismissed as frivolous. The Court declines to grant leave to amend as it would be futile.

Furthermore, this Court will not tolerate abusive, vexatious and frivolous litigation. As this is Plaintiff's *third* frivolous action, he is hereby cautioned for the second time, *see Xiu Jian v. Katzmann,* No. 16-CV-3937 (LDH) (LB), that if he continues to file similar actions, he may be subject to restrictions, upon notice and opportunity to be heard, including but not limited to, the imposition of a leave-to-file requirement and monetary sanctions. *See Lau v. Meddaugh,* 229 F.3d 121, 123 (2d Cir. 2000); *Moates v. Barkley,* 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*) (district court may enjoin parties from filing further lawsuits upon notice and an opportunity to be heard); *MLE Realty Assocs. v. Handler,* 192 F.3d 259, 261 (2d Cir. 1999); *Safir v. U.S. Lines, Inc.,* 792 F.2d 19, 24 (2d Cir. 1986) (outlining factors to be considered in imposing filing injunction); *see also Hong Mai Sa v. Doe,* 406 F.3d 155, 158 (2d Cir. 2005); 28 U.S.C. § 1651(a).

Although Plaintiff has paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment dismissing this action.

SO ORDERED.

/s/LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
October 5, 2016